ON REVIEW BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
On February 23, 2005, we issued our order denying the Motion to Transfer of Related Cases to Pretrial Court filed by Vanderbilt Mortgage and Finance, Inc. This opinion sets out the basis for that decision.
 I. Factual and Procedural Context
Vanderbilt filed its Motion before this panel on January 31, 2005. It alleges that six cases pending in North Texas[1]
involve common issues of fact and the transfer would be for the convenience of the parties and witnesses and would promote the just and efficient conduct of the cases.[2] The Motion was accompanied by a Motion to Stay Proceedings. In a supplement to the Motion to Stay, Vanderbilt argued that a stay of all of the cases was urgently needed during our consideration of the Motion since one of the Tarrant County cases was set for trial on February 22, 2005; depositions were set in that case for February 3; and a Motion for Continuance/Stay was set for hearing before the trial court on February 4, 2005.
We are advised by Vanderbilt that it is a commercial lender. It lent money to fifteen different owners of manufactured homes and secured each loan with a lien against the borrower=s manufactured home. Vanderbilt tells us that, in each suit, it has challenged the lawfulness of the recovery and storing of these manufactured homes by Statewide Repo Housing, Inc. and/or its affiliate Eagle Lender Asset Services, Inc. This recovery and storing was performed at the request of Sheriffs and/or Constables who executed writs of possession following entry of judgments in eviction proceedings in favor of land owners. (Statewide and Eagle will be referred to as Statewide.)
Vanderbilt claims that there are common issues of fact which must be resolved: (1) Statewide has not obtained allegedly required state permits to transport the homes; (2) Statewide demands excessive fees of the lender/lien holder to recover the home after removal by Statewide; (3) Statewide allegedly charges "incredibly high storage fees" which are claimed to be "well over twice as high as industry standard"; (4) Statewide's assertion of warehouseman's liens is unlawful; and (5) *Page 14 
Statewide, "on information and belief," has fraudulently applied for and obtained new titles for some homes identifying Statewide as the owner to the damage of the lien holder and the true owner.
Finally, Vanderbilt tells us, in a general way, that transfer will greatly reduce the time and expense for discovery since uniform written discovery can be used and duplication of depositions can be avoided. It is suggested that "the same lay witnesses and expert witnesses will give essentially the same testimony in each of the related cases concerning the reasonableness of charges to move and store a manufactured home." Also, Vanderbilt tells us, in a general way, that "other pretrial matters can be handled more efficiently through coordinated pretrial proceedings. . . ."
Statewide filed an Objection To Motion To Transfer of Related Cases to Pretrial Court and Objection to Stay. It provided us with important, uncontradicted facts respecting the six cases.[3] According to Statewide, all written discovery filed in five of the six cases has been completed. Only one deposition has been taken. The attorneys representing Vanderbilt, on the one hand, and Statewide, on the other hand, in each case are the same. The two Tarrant County cases are set for trial in the near future. The case in the 352nd District Court was set for trial on February 22, 2005, and the case in the 141st District Court was set for trial on March 14, 2005. Statewide advised that all discovery has or will be timely completed in those two cases. However, as to the issues Vanderbilt claimed to be common to the six suits, Statewide denied there were any real issues, yet asserted a different version of the facts. Finally, Statewide asserts that Vanderbilt filed this Motion merely to avoid the trial settings in February and March 2005.
Vanderbilt filed no reply to Statewide's objections. We denied the stay.
 II. Discussion and Application of Authorities
Rule 13 provides a pretrial process that will allow cases to proceed efficiently toward trial. "It does not require proof that witnesses have already been inconvenienced; it looks ahead and focuses on whether transferring cases to a pretrial judge would serve the convenience of parties and witnesses by preventing inconvenience in the future." In re Silica Products LiabilityLitigation, 166 S.W.3d 3, 5, 2004 WL 3328646, No. 04-0606 (Tex. M.D.L. Panel Oct. 13, 2004).
While relevant, the number of pending cases and parties is not directly determinative of the necessity for pretrial transfer.[4] However, of great significance in this case are the uncontroverted facts that in two of the six cases discovery is complete or will be complete shortly and there are imminent trial settings in those cases. Further, although "ongoing problems" in the pretrial process need not exist for us to order transfer, we must be shown some facts and well-founded reasons which logically suggest that transfer will create a more efficient process.
We have previously observed: *Page 15 
 One virtue of transferring related cases to a single pretrial judge is that issues, once raised, will be decided the same way in the future. A consistent and steady judicial hand at the helm should in fact promote agreements because lawyers will know where the court stands on recurring issues. As contested issues arise, the pretrial judge will make consistent rulings, which can then be reviewed by the appellate courts as appropriate. This, we think, serves Rule 13's goal that our system give related cases consistent and efficient treatment.[5]
However, we cannot apply this reasoning to this case. We are advised by Statewide that written discovery has been propounded in all but one case and only one deposition has been taken. That does not suggest difficulties presently or in the future in pretrial matters. Additionally, although Vanderbilt has raised some contentions it describes as common issues of fact, we have not been advised of how a pretrial judge can address these contentions in order to promote uniformity of decisions. We will not speculate about a party's strategy to address its so-called common issues of fact. Finally, we have not been told what fact or expert witnesses, if any, would be required to be deposed on multiple occasions without the order of transfer and intervention of a pretrial judge. Plainly stated, no reasonable likelihood of difficulties in the pretrial processing of these cases has been proffered.
 III. Conclusion
We conclude that Vanderbilt has not met its burden under Rule 13. Additionally, we conclude that the transfer of these cases will not serve the convenience of the parties and the witnesses, nor will it promote the just and efficient conduct of the cases. Accordingly, we deny Vanderbilt's Motion to Transfer.
[1] (a) Vanderbilt Mortgage and Finance, Inc. v. JimCarbitcher, et al., No. 04-11081 (134th Dist. Ct., Dallas County, Tex.) (b) Statewide Repo Housing, LLC v. OakwoodAcceptance Corporation, LLC, v. Kerry D. Howell, et al., No. CV04-2513 (415th Dist. Ct., Parker County, Tex.); (c) StatewideRepo Housing, LLC v. Oakwood Acceptance Corporation, LLC v. TroySteven Washburn, No. 05-01-003 (271st Dist. Ct., Wise County, Tex.); (d) Vanderbilt Mortgage and Finance, Inc. v. SixtoTerrazas, et al., No. 352 204253 04 (352nd Dist. Ct., Tarrant County, Tex.); (e) Vanderbilt Mortgage and Finance, Inc. v.Johnny Hogue, et al., No. 2004-10043-16 (16th Dist. Ct., Denton County, Tex.); and (f) Vanderbilt Mortgage and Finance, Inc. v.Lee Modgling, et al., No. 141 204903 04 (141st Dist. Ct., Tarrant County, Tex.).
[2] Tex.R. Jud. Admin. 13, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon 2005).
[3] Rule 13.3(j) provides in part, "The MDL Panel will accept as true facts stated in a motion, response, or reply unless another party contradicts them." Tex.R. Jud. Admin. 13.3(j),reprinted in Tex. Gov't Code Ann. tit. 2, subtit. F app. (Vernon 2005).
[4] cf. In re Silica Products Liability Litigation,166 S.W.3d at 3, No. 04-0606 (It was uncontroverted that 453 plaintiffs filed 71 silica-related lawsuits against a total of 158 defendants, pending in 55 district courts in 20 counties.).
[5] In re Silica Products Liability Litigation,166 S.W.3d at 6, No. 04-0606. *Page 212